Alan I. Nahmias  (SBN 125140)
**MIRMAN, BUBMAN & NAHMIAS**
16133 Ventura Boulevard, Suite 1175
Encino, CA   91436
Telephone: (818) 995-2555
Facsimile:  (818) 451-4620
Email: anahmias@mbn.law

General Counsel to
Chapter 7 Trustee, Wesley H. Avery

*Fiducia in faciem incertum*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>VICTOR DAVID QUINONES aka VICTOR D. QUINONES, an individual,<br><br>Debtor.<br><br>SSN: xxx-xx-6513<br><br>WESLEY H. AVERY, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LOURDES GONZALEZ, an individual,<br><br>Defendant. | Case No. 2:23-bk-16544-BB<br><br>Chapter 7<br><br>Adv. No. _____<br><br>**TRUSTEE'S COMPLAINT FOR: (1/) AVOIDANCE OF FRAUDULENT TRANSFER – ACTUAL INTENT; (2) AVOIDANCE OF FRAUDULENT TRANSFER – CONSTRUCTIVE INTENT; (3) RECOVERY OF AVOIDED TRANSFER; AND (4) TURNOVER OF THE PROPERTY OF THE ESTAE**<br><br>**[11 U.S.C. §§ 542, 548 and 550]**<br><br>Date:  [To be set]<br>Time:  [To be set]<br>Place: U.S. Courthouse<br>　　　　Courtroom 1539<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, BANKRUPTCY JUDGE, AND TO THE DEFENDANT AND HER COUNSEL OF RECORD, IF ANY:**

{00811191}

For his complaint for: (1) Avoidance of Fraudulent Transfer – Actual Intent; (2) Avoidance of Fraudulent Transfer – Constructive Intent; (3) Recovery of Avoided Transfer; and (4) Turnover of Property of the Estate (the "Complaint") against defendant Lourdes Gonzalez (the "Defendant"), plaintiff Wesley H. Avery, the duly appointed and acting Chapter 7 Trustee (the "Trustee" or "Plaintiff"), for the bankruptcy estate (the "Estate") of Victor David Quinones aka Victor D. Quinones (the "Debtor"), hereby alleges as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, as this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O).

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

3. The instant proceeding involves the recovery of property worth greater than $1,525.00, therefore venue in this district is property under 28 U.S.C. § 1409(b).

4. This proceeding is brought pursuant to 11 U.S.C. §§ 542, 548 and 550 and Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure.

5. The Trustee consents to the entry of final orders and judgments by the Bankruptcy Court.

6. Plaintiff Wesley H. Avery (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division which is styled <u>In re Victor David Quinones aka Victor D. Quinones</u>, bearing Case No. 2:23-bk-16544-BB (the "Bankruptcy Case").

7. Debtor Victor David Quinones aka Victor D. Quinones (the "Debtor") commenced the Bankruptcy Case by filing a Chapter 7 voluntary petition on October 6, 2023 (the "Petition Date").

8. Defendant Lourdes Gonzalez (the "Defendant" or "Gonzalez"), is an individual

**1** residing within the jurisdiction of this Court and is the mother of the Debtor.

**2**             **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

**3** THE PREPETITION LAWSUIT AND DIVESTING OF ASSETS

**4**         9.    The Plaintiff is informed and believes and, based thereon, alleges that on or before January 22, 2019, the Debtor owned real property improved with a triplex commonly known as 3333 City Terrace Drive, Los Angeles, California 90063 (the "Triplex").

        10.   The Plaintiff is informed and believes and, based thereon, alleges that on January 22, 2019, Ms. Mary Elizabeth Lopez ("Lopez") suffered a severe personal injury at the Triplex.

        11.   The Plaintiff is informed and believes and, based thereon, alleges that on May 4, 2020, the Debtor sold the Triplex at a discount to a third party, for less than fair market value in an attempt to escape liability to Lopez and her claims.

        12.   On August 27, 2020, Lopez filed a lawsuit against the Debtor in Los Angeles Superior Court, styled as Lopez v. Quinones, LASC Case No. 20STCV32910 (the "State Court Lawsuit").

        13.   The Plaintiff is informed and believes and, based thereon, alleges that trial was set to begin in the State Court Lawsuit on October 9, 2023.

THE SUBJECT PROPERTY

        14.   The instant complaint (the "Complaint") against the Defendant initiates an adversary proceeding in which the Trustee is seeking to recover for the benefit of creditors, the improved real property commonly known as 5703 Lindsey Avenue, Pico Rivera, California 90660, APN 6377-029-010 (the "Subject Property").

        15.   The Debtor acquired title to the Subject Property by a grant deed recorded in the Official Records of the Recorder's Office of Los Angeles County, California on October 13, 2016, as Document Number 2016-1253088.

        16.   The legal description of the Subject Property is as follows:

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE CITY OF PICO RIVERA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA:

LOT 50 OF TRACT NO. 15918, IN THE CITY OF PICO RIVERA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 374, PAGES 19 TO 21 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

THE SUBJECT TRANSFER

17. The Plaintiff is informed and believes and, based thereon, alleges that less than one (1) year before the Petition Date, the Debtor transferred the Subject Property to the Defendant pursuant to a grant deed (the "Grant Deed"), for no consideration.

18. The Grant Deed was recorded in the Official Records of the Recorder's Office of Los Angeles County, California on February 16, 2023, as Document Number 2023-0100631 (the "Subject Transfer").

19. The Grant Deed reflects that the Subject Transfer was a "bonafide gift and the grantor received nothing in return". A true and correct copy of the Grant Deed is attached hereto, marked as Exhibit "1" and incorporated herein by this reference.

THE BANKRUPTCY CASE AND STAY OF THE STATE COURT LAWSUIT

20. The Plaintiff is informed and believes and, based thereon, alleges that the Debtor filed a skeleton Chapter 7 petition on October 6, 2023 (the "Petition Date") to take advantage of the automatic stay and to postpone the Trial scheduled in the State Court Lawsuit.

21. On October 24, 2023, the Court entered an Order and Notice of Dismissal of the Bankruptcy Case for the Debtor's failure to file schedules and other required documents.

22. On November 20, 2023, the Trustee filed his motion to vacate the dismissal of the Debtor's Bankruptcy Case.

23. On November 22, 2023, the Court entered an order vacating the dismissal of the Bankruptcy Case.

24. After voluntarily commencing his case, the Debtor has thus far failed to cooperate in the administration of his case, failing to file his Schedules and other required bankruptcy forms and documents and refusing to appear at any of the scheduled or continued meeting of creditors to be examined by the Trustee.

///

# FIRST CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT

### [11 U.S.C. § 548(a)(1)(A)]

25. The Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 24, inclusive, of this Complaint as though fully set forth at length herein.

26. The Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfer was made within two years before the Petition Date.

27. The Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfer was made by the Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that the Subject Transfer was made, indebted including Lopez.

28. The Plaintiff is informed and believes and, based thereon, alleges that the following factors with respect to the Subject Transfer show the fraudulent intent of the Debtor:

    a. The Subject Transfer was to an insider;

    b. The Debtor retained possession or control of the Subject Property after the Subject Transfer;

    c. Before the Subject Transfer was made, the Debtor had been sued by Lopez in the State Court Lawsuit;

    d. The Debtor removed or concealed assets;

    e. The Debtor received less than reasonably equivalent consideration for the Subject Transfer as the Subject Transfer was made for no or little consideration; and

    f. The Debtor was insolvent or became insolvent shortly after the Subject Transfer was made in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

29. The Subject Transfer constitutes an avoidable transfer under 11 U.S.C. § 548(a)(1)(A) and is, therefore, avoidable by the Trustee.

///

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

## [11 U.S.C. § 548(a)(1)(B)]

30. The Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 29, inclusive, of this Complaint as though fully set forth at length herein.

31. The Plaintiff is informed and believes and, based thereon, alleges that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfer as the Subject Transfer was made for no or little consideration.

32. The Plaintiff is informed and believes and, based thereon, alleges that by virtue of the Subject Transfer, the Debtor was insolvent or became insolvent as a result of the Subject Transfer, in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

33. The Plaintiff is informed and believes and, based thereon, alleges that by virtue of the Subject Transfer, the Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

34. The Plaintiff is informed and believes and, based thereon, alleges that by virtue of the Subject Transfer, the Debtor made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider not in the ordinary course of business.

35. The Subject Transfer constitutes an avoidable transfer under 11 U.S.C. § 548(a)(1)(B) and is, therefore, avoidable by the Trustee

## THIRD CLAIM FOR RELIEF

## RECOVERY OF AVOIDED TRANSFER

## [11 U.S.C. § 550(a)]

36. The Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 35, inclusive, of this Complaint as though fully set forth at length herein.

37. The Plaintiff is informed and believes and, based thereon, alleges that the Defendant is the initial transferee of the Subject Transfer or that the Defendant was the individual for whose benefit the Subject Transfer was made, or that the Defendant was the immediate or mediate

1 transferees of the initial transferee receiving the Subject Transfer.

2     38.    Upon avoidance of the Subject Transfer, the Plaintiff is entitled to recover from the Defendant, the Subject Property of the value of the property transferred, with interest thereon at the maximum legal rate from the date of the Subject Transfer, for the benefit of the Debtor's Estate pursuant to 11 U.S.C. § 550(a).

## FOURTH CLAIM FOR RELIEF

### TURNOVER OF PROPERTY OF THE ESTATE

### [11 U.S.C. § 542(a)]

    39.    The Plaintiff refers to and incorporates herein each and every allegation contained in paragraphs 1 through 38, inclusive, of this Complaint as though fully set forth at length herein.

    40.    Upon avoidance of the Subject Transfer and recovery of the Subject Property, the Subject Property is property of the Estate pursuant to. among other things, 11 U.S.C. § 541.

    41.    The Plaintiff is informed and believes and, based thereon, alleges that the Defendant is in possession, custody or control of the Subject Property, during the Bankruptcy Case.

    42.    The Plaintiff is informed and believes and, based thereon, alleges that the Trustee may use, sell, or lease the Estate's legal and equitable interests in the Subject Property pursuant to 11 U.S.C. § 363.

    43.    The Plaintiff is informed and believes and, based thereon, alleges that the Subject Property is not of inconsequential value or benefit to the Estate.

    44.    Pursuant to 11 U.S.C. § 542(a), the Plaintiff, as Trustee, is entitled to turnover of property of the Estate, namely the Subject Property.

    45.    The Defendant shall deliver the Subject Property to the Trustee.

**WHEREFORE**, the Plaintiff respectfully prays for judgment against the Defendant as follows:

    A.    On the First and Second Claim For Relief, that the Subject Transfer be avoided for the benefit of the Estate pursuant to 11 U.S.C. § 548(a);

B. On the Third Claim For Relief, that the Subject Property, or its respective value, be recovered for the benefit of the Estate pursuant to 11 U.S.C. § 550(a);

C. On the Fourth Claim For Relief, for turnover of possession, control and custody of the Subject Property to the Trustee pursuant to 11 U.S.C. § 542(a);

D. For attorney fees and costs incurred by the Plaintiff; and

E. Such other and further relief as this Court deems just and proper.

DATED: March 1, 2024                MIRMAN, BUBMAN & NAHMIAS

By: _____
Alan I. Nahmias
Attorneys for Plaintiff Wesley H. Avery,
Chapter 7 Bankruptcy Trustee

{00811191}8

**This page is part of your document - DO NOT DISCARD**

# 20230100631

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/16/23 AT 08:00AM**

Pages:
0004

|  |  |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |

**LEADSHEET**

202302160290004

00023200958

013922116

SEQ:
01

SECURE - 8:00AM

**THIS FORM IS NOT TO BE DUPLICATED**

E604535

122093413

Exhibit "1" - page 9

RECORDING REQUESTED BY
Lawyers Title

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME MISS LOURDES GONZALEZ

STREET ADDRESS
5703 LINDSEY AVENUE

CITY, STATE &
ZIP CODE
PICO RIVERA, CA 90660

SPACE ABOVE FOR RECORDER'S USE ONLY

## GRANT DEED
Title of Document

Pursuant to Assembly Bill 1466 – Restrictive Covenant (GC Code Section 27388.2), effective January 1, 2022, a fee of two dollars ($2) for recording the first page of every instrument, paper, or notice required or permitted by law to be recorded per each single transaction per parcel of real property, except those expressly exempted from payment of recording fees, as authorized by each county's board of supervisors and in accordance with applicable constitutional requirements.

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from fee per GC 27388.1(a)(2) and 27388.2 (b); recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT).

☒ Exempt from fee per GC 27388.1(a)(2) and 27388.2 (b); recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
($3.00 Additional Recording Fee Applies)

Exhibit "1" - page 10

**RECORDING REQUESTED BY:**
Lawyers Title Corporation

**AND WHEN RECORDED MAIL TO:**

Miss Lourdes Gonzalez
5703 Lindsey Avenue
Pico Rivera, CA 90660

APN: 6377-029-010
Title Order No.: 122093413                                        Escrow No.: 48256-DAH

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) DOCUMENTARY TRANSFER TAX is $0
**NO CONSIDERATION**

"This is a bonafide gift and the grantor received nothing in return, R & T 11911."
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Pico Rivera **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Victor D. Quinones, a single man**

hereby GRANT(s) to:

**Lourdes Gonzalez, a single woman**

the real property in the City of Pico Rivera, County of Los Angeles, State of California, described as:
Lot 50 of Tract No. 15918, in the City of Pico Rivera, County of Los Angeles, State of California, as per Map recorded in Book 374, Pages 19 to 21 inclusive of Maps, in the Office of the County Recorder of said County.
Also Known as: 5703 Lindsey Avenue, Pico Rivera, CA 90660
AP#: 6377-029-010

Dated January 11, 2023

_____
Victor D. Quinones

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Los Angeles
On 2-14-23 before me, T. Miller _____ A Notary Public personally appeared **VICTOR D. QUINONES** who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

(Seal)

J. MILLER
Notary Public - California
Los Angeles County
Commission # 2293370
My Comm. Expires Jul 13, 2023

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE

# TRUE COPY CERTIFICATION

(Government Code 27361.7)

_____Burbank_____, **California**

Place of Execution (City and State)

I certify under penalty of perjury that this material is a true copy of the original material contained in this document.

VICTOR D. QUINONES

eRecording Partners Network

02-15-2023

**Date**

By:_____

**Signature of Declarant**

Yefry J. Cali

Type or Print Name

Exhibit "1" - page 12